Moore, J.
I apprehend, that the cases cited for the plaintiff, are found law. The defendant is necessarily discharged of the debt, when the Sheriff has seized property to the value ; for by the act of seizure, the property is divested out of the defendant, until the debt is satisfied, and is vested in the Sheriff, who is absolutely answerable for the debt. He may bring an action as owner, against the defendant, for taking the goods, who being once discharged can never be charged by any new process : nor can the Sheriff’s liability be done away, by any writ or process issuing after the seizure.
An injunction has no such effect ; it is a writ of modern date, in comparison with the rule of law *98 establishing the entirety of an execution ; even its lawfulness was earnestly denied lay the common law Judges, as late as the reign of James 1st. It is a creature of the Court of Equity, which has no power to alter the rules of the common law ; and which could never act upon property, but only in personam, till our act of 1787, cap. 22, sect. 2. An injunction cannot affect the property, it can only subject the persons who disobey it, to attachments ; in strictness, it cannot issue to the Sheriff, who has the goods by seizure, but to the plaintiff in the action only. The Sheriff, who has made a seizure, cannot legally take notice of an injunction, but must proceed as if none had issued, that is by selling the goods and bringing the money into court. It follows that the defendant, having re-delivered the goods to Walk, is liable to the plaintiff's action.
Haywood, J.
The injunction in this state, possesses precisely the same effects and qualities, as the injunction in England ; no act of assembly having moulded it differently : I also agree to the authority of the cases cited for the plaintiff, shewing the entirety of an execution : still it seems to me that the Sheriff acted properly in re-delivering the goods.
The apothegm, that an execution is an entire thing which cannot he stopped when once begun, contains no reason in itself ; nor is it accompanied with any, in the books cited, shewing why the law is so. It is then necessary to search for the *99 reason, and if possible to discover it, in order to understand its extent ; and to discern the cases, to which it is properly applicable. One of the books cited, since I began to speak, says an injunction shall stay the goods in the hands of the Sheriff ; admitting it to be so, it proves that the rule, respecting the entirety of an execution, is inapplicable to the case of an injunction ; for according to the rule, it is necessary to proceed to sell. If the reason of the rule be not universal, but confined to particular cases ; the universality of the terms, in which it is expressed, must be restrained to those cases. When a plaintiff obtains judgment and takes out execution, the law still allows the defendant, to have the cause further examined and provides means of doing so, suited to each particular case of hardship : as by supersedeas, writ of error, certiorari &c ; but in granting this indulgence, it were unjust to place the plaintiff in a worse situation than he was at the time the supersedeas, writ of error, &c, issued. If he hath gained a security for his debt by a seizure to the value, that shall not be taken from him, without furnishing him with an equal or better security ; but as no such security was given at the common law, of which this is a rule, prior to issuing the supersedeas, writ of error, &c, the goods, when seized, were to be retained in the hands of the officer or sold ; and it would be greatly inconvenient to all parties, that they should be retained in the hands of the officer, since it perishable they may be destroyed in the interim ; if living animals, they *100 must be fed, or if inanimate, may require a warehouse : by destruction, the value is lost to the plaintiff or defendant, and to it is if the expences eat up the value.
It is better for all parties that they should be sold, and thence it is, that the law orders a sale, notwithstanding a supersedeas, or other writ of the like kind issuing at common law, without security previously given. Hence arose the quaint saying, that an execution is an entire thing, and cannot be stopped, when once begun ; but the reason of it, as I apprehend, does not apply to any case, where a security equal to the seizure is given by the defendant, before he obtains process, for a stay of the proceedings. Will it then apply to an injunction ? In England, when an injunction issues after the verdict, and before execution, the money must be deposited. Cur. Can. 447, if after execution has issued, the money and costs recovered at law, must first be paid into the Court of Equity. Cur. Can. 448. 2 Brown. Ch. 182, Ch. Ca. 447. We must not look into the old books for the properties of an injunction, the writ itself being of modern date, which like other things has been matured and sitted for the transaction it is used in by experience, and has but lately acquired perfection. When the money is deposited, it is unjust to retain the goods any longer, and it is unnecessary to the plaintiff’s security ; much more unjust would it be to proceed to a sale : hence it is deducible, that the goods are to be re-delivered.
*101 If this be the effect of an injunction issued after verdict in England, the next question is, has any law established practice altered such effect in this state ? There is no act of the legislature for that purpose, and the practice before the revolution, and for five years last past, has been, either to deposit the money, or to give security to pay the debt in case of a dissolution ; according as the circumstances stated were more or less favourable for the complainant. The proceedings in the old Court of Chancery have been inspected, and they prove the practice to have been as I state it. But why require a bond, if the goods are to be retained ? If they are to be sold, notwithstanding the injunction, and if the defendant is absolutely discharged by a seizure to the value ? The plaintiff cannot possibly have any cause of complaint, for which he may sue upon the bond ; he has the full benefit of the seizure, and of the security detained by it. It follows, that either the bond is filed for no purpose, or that the goods are to be re-delivered ; and it is more reasonable to presume the latter, than the former ; more especially, as the universal practice has been to re-deliver the goods ; which, though it will not make the law, is, in doubtful cases, evidence of what the law is : besides the act of 1782 directs the proceedings in our present Court of Equity, to be like those in the Court of Chancery under the old government. From this view of the subject it results, that the defendant acted rightly in re-delivering the goods to Walk :
*102 it is indeed a misfortune which occasions this dispute, the money not having been desposited, nor security given before the injunction issued ; but this was not the fault of the defendant, who was bound to obey the writ, without enquiry whether all necessary steps had been taken before it issued.
As to the authority which says, an injunction shall stay goods in the hands of the Sheriff, it is an old one ; and the position seems to be against first principles ; for the law allows no fee to the Sheriff for such services ; the goods may perish, or incur expence in the keeping : it is far more consonant with legal principles, that they should be sold ; and if they must be sold, the injunction is a dead letter. The property of the goods is not absolutely divested out of the defendant by seizure, for if the money be paid, he shall have them again ; the same of a deposit ; and as in this country, owing to the circumstances stated by the defendant’s counsel, a bond is in some measure substituted in the place of a deposit, a security instead of satisfaction ; the effect of an injunction is in both cases the same ; but in the latter, after a dissolution, no execution de novo may issue, for the defendant is absolutely discharged by a seizure, where he is passive, and does no act to obstruct the consequences of it. But where, by his own act, and at his own instance, the goods are released, upon an obligation made by himself that he is not chargeable, it is no hardship upon him, when upon further scrutiny, it turns out that his obligation is not true, if he is subjected *103 by a new writ. In such cases, the constant practice in this state hath been, to issue a new fi : fa : after a dissolution, and not a Ven. Ex. or Distringas, against the Sheriff who seized.
Verdict for the Defendant.
Upon a rule to shew cause why a new trial should not be had, the case was transmitted to the court of conference. Vide post. 277